**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

BENTON G. BASKIN,

      Defendant - Appellant.

No. 04-3196

(D.C. No. 03-CR-10228-01-WEB)

(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

On September 25, 2003, two Wichita police officers stopped the vehicle of

Defendant Benton G. Baskin, requested identification from him, discovered that

he had an outstanding warrant for violating parole, and consequently arrested him.

The officers then searched his vehicle, discovering a handgun and loaded

magazine in the locked trunk. Defendant was indicted for being a felon in

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

possession of a firearm, 18 U.S.C. § 922(g)(1). He moved to suppress the firearm and magazine as fruit of an unlawful search. After the district court denied this motion, Defendant entered a conditional plea of guilty, preserving for review his challenge to the search. He then appealed to this court. We review the district court's factual findings for clear error and its conclusions of law, de novo. *See United States v. White*, 326 F.3d 1135 (10th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The fruits of an unconstitutional search need not be suppressed when they inevitably would have been discovered by constitutional means. *See United States v. Tueller*, 349 F.3d 1239, 1243 (10th Cir. 2003). The district court found that "the officers undoubtedly would have impounded the car and would have . . . conducted an inventory search of the trunk . . . if they had not proceeded to search the trunk in response to the defendant's comment to 'go ahead and look.'" Memorandum and Order (Mar. 5, 2004) at 12. This finding is not clearly erroneous. Consequently, the question before us is whether the hypothetical "inevitable" search would have been a constitutional inventory search.

An inventory search is constitutional if (1) it is conducted according to established procedures and (2) it is designed to produce an inventory rather than being a cover for general rummaging. *See Tueller*, 349 F.3d at 1243. The district court found that the hypothetical inventory search it thought inevitable "was

-2-

authorized by the [police department's] impoundment procedures" and "that the inventory policy applie[d] to the entirety of the vehicle, including the trunk." Memorandum and Order (Mar. 5, 2004) at 12-13. That finding is not clearly erroneous and we hold that it satisfies part one of the constitutional test.

Defendant points to no evidence that the hypothetical inventory search would have been a mere cover for general rummaging. The district court found that the police officers would have impounded and, consistent with police-department policy, inventoried the car because it would have been a safety hazard had they left it where it was, it might have contained valuables, and it would have been unreasonable at that hour (about 3:00 a.m.) to attempt to contact someone who could pick up the car. Because these findings of a bona fide reason for the hypothetical inventory search are not clearly erroneous and Defendant offers no contrary evidence, we hold that the second part of the constitutional test also is satisfied.

We therefore AFFIRM the denial of the motion to suppress.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge